IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN GLENN BARTLEY,

   Petitioner,

          Civil Action No. 1:19CV155
           (Judge Keeley)
          Criminal Action No. 1:15CR18
v.            (Judge Kleeh)

UNITED STATES OF AMERICA,

   Respondent.

MEMORANDUM OPINION AND ORDER
DENYING § 2255 PETITION [DKT. NO. 216], DENYING
MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

Pending are (1) the pro se petition filed by John Glenn Bartley ("Bartley") to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 216),[1] and (2) Bartley's motion for a separate claim of actual innocence (Dkt. No. 201). For the reasons that follow, the Court **DENIES** Bartley's petition and motion.

## I. BACKGROUND

### A. Prior Criminal Proceedings

On February 3, 2015, a grand jury returned an indictment charging Bartley with two counts of Stalking, in violation of 18

---

[1] All docket numbers refer to Criminal Action No. 1:15CR18 unless otherwise noted.

BARTLEY v. UNITED STATES                    1:19CV155/1:15CR18

**MEMORANDUM OPINION AND ORDER**
**DENYING § 2255 PETITION [DKT. NO. 216], DENYING**
**MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING**
**CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

U.S.C. §§ 2261A(2)(B) and 2261(b)(5) ("Count One" and "Count Two");
Interstate Violation of a Protective Order, in violation of 18
U.S.C. § 2262(a)(1) ("Count Three"); and another count of Stalking,
in violation of 18 U.S.C. §§ 2261A(1)(B) and 2261(b)(5),(6) ("Count
Four") (Dkt. No. 5).

Prior to trial, the Government filed a motion in limine to
exclude testimony and exhibits related to a business dispute
between Bartley and the victim in the case, Alicia Witt ("Witt")
(Dkt. No. 57). It argued that such evidence was irrelevant or,
alternatively, unfairly prejudicial. Id. Bartley argued that
evidence of the business dispute negated the mens rea element of
his charged offenses, i.e., his intent to harass or intimidate
Witt (Dkt. Nos. 61, 71). He contended that his actions were merely
an attempt to regain control of his business (Dkt. Nos. 61, 71).

At the final pretrial conference, the Court granted the
Government's motion (Dkt. Nos. 85, 158 at 19-29). Later, after
further reviewing the relevant definitions of harassment and
intimidation, it concluded that Bartley could testify about his
business dispute with Witt and permitted Bartley to testify about

2

**BARTLEY v. UNITED STATES**                    **1:19CV155/1:15CR18**

### MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING
### MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
### CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

the dispute solely for the purpose of negating his intent to harass or intimidate (Dkt. Nos. 111 at 8-10, 159 at 26-37). It prohibited detailed testimony about the civil litigation relating to Bartley and Witt's business dispute, however, and also precluded hearsay testimony bolstering Bartley's related claims. Id. at 34.

Following a three-day trial, a jury convicted Bartley on all counts (Dkt. No. 107). On December 9, 2016, the Court sentenced him to concurrent 60-month terms of imprisonment on each of Counts One, Two, and Four and a consecutive 11-month term of imprisonment on Count Three (Dkt. No. 145). The Court also imposed concurrent terms of three (3) years of supervised release on all counts. Id.

On December 14, 2016, Bartley appealed his conviction and sentence to the Fourth Circuit Court of Appeals (Dkt. No. 147), which appointed appellate counsel for him (Dkt. No. 151). On appeal, Bartley assigned the following four grounds as error: (1) the Court improperly admitted testimony under Federal Rules of Evidence 404(b) and 403; (2) the Court failed to instruct the jury on his definition of harassment; (3) the Court failed to dismiss Count Three based on insufficient evidence to sustain a conviction;

3

BARTLEY v. UNITED STATES                    1:19CV155/1:15CR18

### MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING
### MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
### CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

and (4) the Court improperly departed upward one offense level under U.S.S.G. § 5K2.3 for extreme psychological injury. On October 11, 2017, the Fourth Circuit rejected these arguments and affirmed Bartley's conviction and sentence on all grounds (Dkt. Nos. 166, 167).

### B. Previous § 2255 Petition

On January 9, 2019, the same day on which Bartley filed his pro se petition pursuant to 28 U.S.C. § 2255 (Dkt. No. 190), the Court issued a Notice of Deficient Pleading, which directed Bartley to re-file his petition on the court-approved form or risk dismissal of his case (Dkt. No. 191). Subsequently, on June 11, 2019, the Court ordered Bartley to show cause for his failure to re-file (Dkt. No. 200).

Thereafter, on June 21, 2019, Bartley filed separate motions claiming actual innocence (Dkt. No. 201), and seeking a certificate of appealability (Dkt. No. 202). Then, on July 2, 2019, he responded to the Court's show-cause order, stating that he had lost the court-approved form in the midst of medical treatment (Dkt. No. 205). The Court re-sent the court-approved form to

4

**BARTLEY v. UNITED STATES**                    **1:19CV155/1:15CR18**

### MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING
### MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
### CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

Bartley and gave him 30 days to re-file his petition (Dkt. No. 206). After Bartley failed to re-file, it dismissed his case without prejudice and denied as moot his motion for a certificate of appealability on August 6, 2019 (Dkt. No. 214).

**C. Instant § 2255 Petition**

Shortly thereafter, on August 12, 2019, Bartley filed a second pro se petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 216), in which he alleges numerous claims against this Court, the Government, and his trial and appellate counsel. Since filing this petition, Bartley has submitted no less than thirty (30) supplemental documents that reiterate the same claims (Dkt. Nos. 220, 224-25, 229-47, 248-49, 250-53, 254-55, 260). Bartley's claim of actual innocence, which remains pending, incorporates some of the same arguments alleged in his petition (Dkt. No. 201).

Following a thorough review of the record, the Court understands the totality of Bartley's claims to fall into four distinct categories: (1) actual innocence; (2) errors by the Court; (3) prosecutorial misconduct; and (4) ineffective assistance of

BARTLEY v. UNITED STATES                    1:19CV155/1:15CR18

## MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING
### MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
### CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

counsel. With respect to the first category, Bartley argues that newly discovered evidence establishes the Family Court of Monongalia County, West Virginia, improperly entered a protective order against him in Civil Action No. 10DDV214 (Dkt. No. 201). This is relevant to his case because violations of that protective order formed the basis for his conviction on Count Three of the Indictment (Dkt. No. 5 at 3).

Bartley next alleges that the Court's exclusion of evidence related to his business dispute with Witt violated his Sixth Amendment right to a defense (Dkt. Nos. 216 at 5-6, 216-1 at 4-9, 216-2). He further contends that the Court failed to arraign him (Dkt. No. 216-8). Finally, he asserts that the Court was mentally unfit to preside over his trial.

In support of his prosecutorial misconduct claim, Bartley argues that the Government suborned perjury numerous times throughout his trial (Dkt. No. 216 at 6-8, 216-3, 216-5, 216-7 at 6-7). He further claims that a prosecutor made false statements during the Government's opening statement and that the Government withheld exculpatory evidence, altered other evidence, and placed

BARTLEY v. UNITED STATES                    1:19CV155/1:15CR18

### MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING
### MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
### CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

a noncredible witness, Witt, on the stand (Dkt. Nos. 216 at 6-9, 216-3, 216-4). He also repeatedly asserts that one of the prosecutors fell asleep during his trial (Dkt. No. 216 at 6-8).

Finally, claiming ineffective assistance of counsel, Bartley contends his trial counsel failed to prepare an adequate defense, to challenge alleged perjury, and to call witnesses (Dkt. Nos. 216 at 9-11, 216-6, 216-7, 216-9, 216-10). He further asserts that his trial counsel was under the influence of drugs and failed to communicate adequately with him (Dkt. No. 216-11).

The Government challenges all of Bartley's claims (Dkt. No. 373).[2] The Court deems the petition fully briefed and ripe for decision.

### **II. APPLICABLE LAW**

Section 2255(a) permits a federal prisoner who is in custody to assert the right to be released if his "sentence was imposed in violation of the Constitution or laws of the United States," if

---

[2] Bartley never filed a reply to the Government's response to his petition. The Order Directing Respondent to File Answer, Motion, or Other Responsive Pleading sent to Bartley was returned as undeliverable (Dkt. Nos. 370, 372), and he has not notified the Court of his new address. L.R. Gen. P. 83.03.

### MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING
### MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
### CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

"the court was without jurisdiction to impose such sentence," or if his "sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A petitioner bears the burden of proving any of these grounds by a preponderance of the evidence. See Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958).

### III. DISCUSSION

As discussed below, Bartley's claims of actual innocence, court error, prosecutorial misconduct, and ineffective assistance of counsel are wholly without merit.

### A. Actual Innocence

In support of his claim of actual innocence, Bartley argues that newly discovered evidence establishes the Family Court of Monongalia County, West Virginia, improperly entered the protective order referenced in Count Three of the Indictment (Dkt. No. 201). Specifically, Bartley contends that, in seeking that order, Witt falsely represented that he had released her horse from its enclosure and had taken naked photographs of her. To disprove this first representation, Bartley has produced a

BARTLEY v. UNITED STATES                    1:19CV155/1:15CR18

**MEMORANDUM OPINION AND ORDER**
**DENYING § 2255 PETITION [DKT. NO. 216], DENYING**
**MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING**
**CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

photograph of Witt's home, which he claims has no place for a horse. As to the second representation, Bartley asserts Witt gave the naked photographs to him as a gift.

According to both the Supreme Court of the United States and the Court of Appeals for the Fourth Circuit, "[w]hether [a federal constitutional right to be released upon proof of 'actual innocence'] exists is an open question. We have struggled with it over the years, in some cases assuming, arguendo, that it exists while also noting the difficult questions such a right would pose and the high standard any claimant would have to meet." United States v. MacDonald, 641 F.3d 596, 616-17 (4th Cir. 2011) (second alteration in original) (quoting Dist. Attorney's Off. for Third Jud. Dist. v. Osborne, 557 U.S. 52, 71 (2009)); see also Hazel v. United States, 303 F. Supp. 2d 753, 760 (E.D. Va. 2004) (noting that Fourth Circuit precedent is "inconclusive and conflicting" on this issue). But the Court need not resolve this issue because, even assuming Bartley may properly bring a separate claim of actual innocence, he cannot meet the "extraordinarily high" threshold for such a claim. Herrera v. Collins, 506 U.S. 390, 401 (1993).

**BARTLEY v. UNITED STATES**                    **1:19CV155/1:15CR18**

<u>MEMORANDUM OPINION AND ORDER
DENYING § 2255 PETITION [DKT. NO. 216], DENYING
MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY</u>

What Bartley characterizes as newly discovered evidence has no impact on his federal convictions. Whether the state court properly issued the protective order was never at issue in his underlying criminal case. Indeed, to obtain a conviction on Count Three, which charged Bartley with Interstate Violation of a Protective Order, the Government had only to prove that he intended to engage in conduct that violated a protective order. 18 U.S.C. § 2262(a)(1). Accordingly, Bartley's actual innocence claim fails to address the basis for his conviction in his underlying federal criminal case.

**B. Alleged Errors by the Court**

According to Bartley, this Court erred when it failed to arraign him and granted the Government's motion in limine to exclude testimony and exhibits related to the business dispute between him and Witt. Bartley also adds as further support for these errors that, in his opinion, the Court was mentally unfit to preside over his trial.

Because Bartley did not raise any of these issues on appeal, they are procedurally defaulted. <u>Bousley v. United States</u>, 523

10

**BARTLEY v. UNITED STATES**                    **1:19CV155/1:15CR18**

**MEMORANDUM OPINION AND ORDER
DENYING § 2255 PETITION [DKT. NO. 216], DENYING
MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

U.S. 614, 621 (1998). In order to avoid procedural default, Bartley must demonstrate both cause for the default and actual prejudice from the alleged errors. United States v. Frady, 456 U.S. 152, 167 (1982). For cause, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts." Murray v. Carrier, 477 U.S. 478, 488 (1986). To demonstrate prejudice, a petitioner must show that the alleged errors "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Frady, 456 U.S. at 170 (emphasis in original). Absent a showing of both cause and prejudice, the only remaining avenue for relief is that the petitioner was actually innocent of the crime, which, as previously discussed, Bartley has not established here. Bousley, 523 U.S. at 622.

**1. Arraignment**

Bartley's claim that he was never arraigned is belied by the record, which establishes that the Court initially scheduled an arraignment (Dkt. No. 7), but after Bartley signed a written waiver of his appearance and proceeded to enter a not guilty plea,

BARTLEY v. UNITED STATES                1:19CV155/1:15CR18

## MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

canceled it (Dkt. No. 11) and scheduled the case for trial (Dkt. Nos. 12, 14). Even if the Court were to accept Bartley's contention that there was a failure to arraign, on direct review "[a] failure to arraign only warrants a reversal if it causes prejudice or impairs a substantial right." United States v. Disher, No. 99-4249, 1999 WL 686900, at *1 (4th Cir. Sept. 3, 1999). And here, under the more exacting standard on collateral review, because Bartley was provided a copy of the indictment and reviewed it with counsel prior to trial (Dkt. No. 11), no prejudice or impairment of his substantial rights occurred.

### 2. Motion in Limine

Bartley next alleges that the Court deprived him of his sixth amendment right to a defense when it granted the Government's motion in limine to exclude evidence of his business dispute with Witt. Bartley is correct to the extent that he asserts the Court initially granted the Government's motion (Dkt. Nos. 85, 158 at 19-29), but he fails to acknowledge that the Court ultimately decided to admit evidence of the business dispute so that Bartley

BARTLEY v. UNITED STATES                    1:19CV155/1:15CR18

### MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING
### MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
### CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

could impeach Witt and rebut the Government's evidence of intent to harass or intimidate her (Dkt. Nos. 111 at 8-10, 159 at 26-37).

Setting aside the fact that Bartley has advanced no ground to avoid his procedural default of this issue, the very premise of his argument is flawed. He was permitted to introduce witnesses and exhibits for the exact purpose of negating his intent to harass or intimidate. The Court precluded full discussion of the related civil litigation in order to avoid "a trial within a trial" and because "it would confuse the jury to hear about all that" (Dkt. No. 159 at 26, 37), but Federal Rule of Evidence 403 expressly allows courts to exclude such evidence "if its probative value is substantially outweighed by a danger of" "confusing the issues, misleading the jury, undue delay, [or] wasting time." Here, the Court made that finding and properly limited the evidence Bartley could present. No violation of his constitutional rights occurred.

### 3. Mental Fitness

Based on statements it made during his trial and sentencing, Bartley argues that the Court was mentally unfit to preside over his case. Bartley and his counsel were present in the courtroom

**BARTLEY v. UNITED STATES**                    1:19CV155/1:15CR18

### MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING
### MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
### CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

and aware of these statements when they were made, but raised no issue, either at trial or on appeal. Accordingly, while a court may not rule on its own competence as "its impartiality might reasonably be questioned", 28 U.S.C. § 455, it need not do so in this instance because Bartley has procedurally defaulted this argument. And because he has always had access to this argument's factual basis, he cannot demonstrate cause to avoid his default. United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999) ("The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel.").

**C. Prosecutorial Misconduct**

Bartley raises numerous grounds in support of his claim of prosecutorial misconduct. To prevail on such a claim, a petitioner must establish that (1) the Government's alleged misconduct was improper, and (2) that the alleged misconduct prejudiced him. See United States v. Allen, 491 F.3d 178, 191 (4th Cir. 2007).

14

BARTLEY v. UNITED STATES                    1:19CV155/1:15CR18

## MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING
### MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
### CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

### 1. Subornation of Perjury

Bartley asserts that at numerous times throughout his trial the Government suborned perjury. No evidence supports these claims.

Section 1621 contains the generally accepted definition of perjury. 18 U.S.C. § 1621. "A witness testifying under oath or affirmation violates this statute if she gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993); see also 18 U.S.C. § 1621(1). Additionally, to prove subornation of perjury, three elements are required: (1) "the suborner should have known or believed or have had good reason to believe that the testimony given would be false;" (2) "[the suborner] should have known or believed that the witness would testify willfully and corruptly, and with knowledge of the falsity;" and (3) the suborner "knowingly and willfully induced or procured the witness to give false testimony." Petite v. United States, 262 F.2d 788, 794 (4th Cir. 1959), vacated on other grounds, 361 U.S. 529 (1960).

15

BARTLEY v. UNITED STATES                         1:19CV155/1:15CR18

MEMORANDUM OPINION AND ORDER
DENYING § 2255 PETITION [DKT. NO. 216], DENYING
MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

### a. Four Exemplars

Bartley cites numerous instances of alleged perjury, but the Court will focus its analysis on the four exemplars of perjury to which he consistently refers. And as to those, Bartley fails to establish that the Government suborned perjury; these exemplars do not involve false and material testimony, and Bartley has produced no evidence to satisfy the mens rea requirements for subornation.

### i.

As his first example of perjury, Bartley contends Witt falsely testified that he sent packages containing naked pictures of her to her home. In support of his contention, Bartley relies on the following testimony during Witt's direct examination:

> PROSECUTION: Okay. I want to talk now in just a little different direction. Did you ever receive to your home any similar packages?
>
> WITT: Yes.

(Trial Tr. 243). And on cross-examination, Bartley points to the following testimony:

> DEFENSE COUNSEL: Ms. Witt, you described a lot of people that you say got these naked photos of you, correct? There were several people,

16

BARTLEY v. UNITED STATES                        1:19CV155/1:15CR18

MEMORANDUM OPINION AND ORDER
DENYING § 2255 PETITION [DKT. NO. 216], DENYING
MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

> the Walls, Roberta Martin, these people that
> had gotten photos, correct?
>
> WITT: Yes.
>
> DEFENSE COUNSEL: None of the photos were sent
> specifically and directly to you, were they?
>
> WITT: I think there's one that has Alicia Witt
> on it. We'd have to check. I'm not a hundred
> percent. There are so many packages being
> sent.
>
> DEFENSE COUNSEL: Okay. Which one is that that
> you're referring to?
>
> WITT: I don't have it in front of me. I--I
> don't think to my home, definitely to the
> office.

(Trial Tr. 344).

When Witt's direct examination is viewed in context, however,

it is clear that she testified the pictures sent to her home were

addressed not to her but to her children.

> PROSECUTION: Okay. I want to talk now in just
> a little different direction. Did you ever
> receive to your home any similar packages?
>
> WITT: Yes.
>
> . . .
>
> PROSECUTION: Do you recall when you received
> a similar package?

17

BARTLEY v. UNITED STATES                          1:19CV155/1:15CR18

## MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

> WITT: I think it was later, maybe a month later. Just--it went to my children. It was just me and my children and there was a letter sent to my kids with their names on it in my mailbox.
>
> . . .
>
> PROSECUTION: Okay. When you received Exhibit 17 [the envelope] and 17A [the letter], was there anything else together with that exhibit?
>
> WITT: There was a naked folded picture inside this.
>
> PROSECUTION: All right. And who was the naked photo of?
>
> WITT: Me.

(Trial Tr. 243-46). Accordingly, Witt's testimony was not false. She never testified that pictures were sent directly to her at her home. What Bartley fails to grasp is that she carefully clarified the pictures sent to her home were addressed to her children, not to her.

**ii.**

As his second exemplar, Bartley argues that Christopher Witt, Witt's brother, perjured himself while testifying about whether Bartley had ever been on his property. On direct examination,

BARTLEY v. UNITED STATES                          1:19CV155/1:15CR18

MEMORANDUM OPINION AND ORDER
DENYING § 2255 PETITION [DKT. NO. 216], DENYING
MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

Christopher Witt testified Bartley had come on to property he

owned:

>           PROSECUTION: Did [Bartley] ever come on
>           property that you owned?
>
>           CHRISTOPHER WITT: Yes.
>
>           PROSECUTION: Tell us about that.
>
>           CHRISTOPHER WITT: There was a--I believe it
>           was a Sunday afternoon. My business was
>           actually closed on Sundays. I--I observed him
>           there and actually confronted him, actually
>           recorded him with--with my phone and told him
>           that, you know, what in the world are you doing
>           here? This is my property. You have no
>           business being here. You know, there's a PFA
>           against you. You know, you--you just--by law
>           you're not supposed to be here. You're not
>           allowed being here and that was basically it.
>           I walked with him over to an adjacent
>           business, to the Exxon, and that's kind of
>           where, you know, we left it. He walked off of
>           my property and--and into Exxon next door.

(Trial Tr. 158). On cross-examination, defense counsel elicited

that this incident actually had taken place on Christopher Witt's

business property and not at his home:

>           DEFENSE COUNSEL: Well, . . . when [the
>           Prosecution] asked you whether Mr. Bartley had
>           ever shown up on your property--
>
>           CHRISTOPHER WITT: Uh-huh (yes).

19

BARTLEY v. UNITED STATES                    1:19CV155/1:15CR18

## MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING
### MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
### CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

> DEFENSE COUNSEL: Okay. The property you were referring to was the land rented by Amish Country Barns and Sheds?
>
> CHRISOPHER WITT: Okay.
>
> . . .
>
> DEFENSE COUNSEL: So we're not talking about Mr. Bartley showing up at your house, right?
>
> CHRISTOPHER WITT: Okay.
>
> DEFENSE COUNSEL: Are we?
>
> CHRISTOPHER WITT: No, I don't--I don't live there, no.
>
> DEFENSE COUNSEL: You live in Pennsylvania?
>
> CHRISTOPHER WITT: That's correct.
>
> DEFENSE COUNSEL: He never did show up at your house?
>
> . . .
>
> CHRISTOPHER WITT: Not that I could actually prove that he was ever at my house, no.
>
> DEFENSE COUNSEL: You never saw him there?
>
> CHRISTOPHER WITT: I never saw him, no.

(Trial Tr. 178-79). When put in proper context, no false testimony occurred. Christopher Witt testified that Bartley had come on to

20

BARTLEY v. UNITED STATES                    1:19CV155/1:15CR18

### MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING
### MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
### CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

property he owned, and defense counsel clarified that this property

was Christopher Witt's business property, not his residence.

**iii.**

Bartley next contends that, in light of Government

questioning about whether he had harmed Witt's dogs, Christopher

Witt again committed perjury by testifying that the dogs would

bark. Specifically, Christopher Witt testified as follows:

> PROSECUTION: Does she cry often?
>
> CHRISTOPHER WITT: I don't--I don't see it. I'm
> sure, but I don't ever see it. You know, she
> just--she just doesn't feel safe in her own
> home.
>
> PROSECUTION: Would you elaborate on that?
>
> CHRISTOPHER WITT: Yeah. You know, whenever the
> dogs bark or whatever, she'll--a lot of times
> she'll call me and say, hey, you know, would
> you mind, you know, mind looking out? The dogs
> are barking and--and, you know, it's just sad.
> It's just sad to see (crying), you know, see
> the fear. I mean the fear is real. It's--it's
> awful. It really is. I don't--I don't live in
> any fear of anyone. You know, it's like I
> don't--I don't understand where this comes
> from but--but to her it's very real and, you
> know, and you know, some of the things that
> have been done and--and, I don't know. She's
> changed a lot. She really has. Constantly
> looking around. Constantly thinking, you know,

21

BARTLEY v. UNITED STATES                          1:19CV155/1:15CR18

### MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING
### MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
### CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

> someone is going to, you know, come and do
> something to her house, do something to her
> kids, do something to her and, you know, and-
> -it's just--it's just sad to see the
> transition. She goes from someone that would
> really light up a room to, you know, as a
> brother to see that, it's like, you know, just
> wish you could do something to stop, you know,
> to change her mental, you know, her mental,
> you know, her mental state but she lives in--
> you know, this is--this is very real.

(Trial Tr. 162-63). Thereafter, when Bartley was cross-examined by

the Government during his case-in-chief, counsel questioned him

about whether he had harmed Witt's dogs. Bartley adamantly denied

doing so:

> PROSECUTION: Did you hang Alicia Witt's dog?
>
> BARTLEY: Have you lost your mind?
>
> PROSECUTION: No, sir. I asked you a question.
>
> THE COURT: The answer calls for a yes or no,
> Mr. Bartley.
>
> BARTLEY: No, not a chance.
>
> PROSECUTION: Did you savagely beat another one
> of her dogs?
>
> BARTLEY: Crazy. No, absolutely not.
>
> PROSECUTION: Did you almost cut off the ear of
> one of Alicia Witt's dogs?

22

BARTLEY v. UNITED STATES                    1:19CV155/1:15CR18

**MEMORANDUM OPINION AND ORDER**
**DENYING § 2255 PETITION [DKT. NO. 216], DENYING**
**MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING**
**CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

> BARTLEY: Absolutely preposterous, not even a chance.
>
> PROSECUTION: Did you wrap barb wire around the neck of another of Alicia Witt's dogs?
>
> BARTLEY: You should be ashamed of yourself. No.
>
> THE COURT: Answer the question yes or no, Mr. Bartley.
>
> BARTLEY: No. Not a--
>
> THE COURT: Answer the question--
>
> BARTLEY: No.
>
> THE COURT: Mr. Bartley. Yes or no?
>
> BARTLEY: No.

(Trial Tr. 476-77). Again, Bartley misapprehends this testimony as Christopher Witt could have been referencing a time prior to when Bartley allegedly harmed Witt's dogs. Moreover, neither Christopher Witt's testimony nor the Government's questions indicate that all of the dogs were killed. Bartley has thus failed to establish this testimony was knowingly false.

23

BARTLEY v. UNITED STATES                    1:19CV155/1:15CR18

**MEMORANDUM OPINION AND ORDER**
**DENYING § 2255 PETITION [DKT. NO. 216], DENYING**
**MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING**
**CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

**iv.**

Finally, Bartley points to Witt's testimony concerning the phone number from which he called and threatened her. Witt initially testified that Bartley called her from "[his] cell phone, business" (Trial Tr. 320). However, in a recording of Witt's subsequent 911 call, Government Exhibit 15, she states that "[Bartley] called from his office in Martinsburg." Id. at 323. Even assuming Witt's initial testimony – that Bartley called from his cell phone – was false, such testimony was not material. The relevance of Witt's testimony to the charges in the Indictment was that, on the call, Bartley threatened her. Even if the location of the call may have altered the immediacy of the threat, it did not lessen its impact on Witt, who was scheduled to attend a state court hearing with Bartley the following day.

**b. Other Examples of Perjury**

In addition to these four exemplars, Bartley lists several other instances of alleged perjury (Dkt. No. 216-7 at 6-7). But as with the four exemplars, none of these contains false testimony. In fact, a careful review of the record establishes that many of

BARTLEY v. UNITED STATES                     1:19CV155/1:15CR18

### MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING
### MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
### CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

the examples listed were either not mentioned at trial or were mentioned at sentencing, where Witt never testified under oath.[3]

As to other points, Bartley simply asserts that testimony was false because it contradicts his own conclusory statements. United States v. Dyess, 730 F.3d 354, 359 (4th Cir. 2013) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." (quoting United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000)).

In sum, having failed in his effort to demonstrate that any of the testimony about which he complains was false and material, Bartley cannot establish that the Government suborned perjury. And even if he could establish the existence of false, material testimony, Bartley has utterly failed to produce any evidence satisfying the mens rea requirement for subornation. There is simply no evidence that "the [Government] should have known or believed or have had good reason to believe that the testimony given would be false;" that "[the Government] should have known or

---

[3] Witt read a victim impact statement but was not sworn.

BARTLEY v. UNITED STATES                    1:19CV155/1:15CR18

### MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING
### MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
### CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

believed that the witness would testify willfully and corruptly, and with knowledge of the falsity;" or that the Government "knowingly and willfully induced or procured the witness to give false testimony." Petite, 262 F.2d at 794. Accordingly, because Bartley has failed to establish that the Government suborned perjury, his prosecutorial misconduct claim fails on this ground.

### 2. False Statements

Bartley also claims that the following portion of the Government's opening statement included false statements:

> [Witt is] no longer the happy, carefree woman that she was before the defendant started harassing her and threatening her. Now she's an emotional mess. She cries frequently. She's a recluse. She's scared to be home and scared to go out. Alicia does not even drive in the same car with her children because she is scared that if the defendant chooses that time to kill her, . . . she doesn't want to risk that her children will be killed too.

(Dkt. No. 161 at 26).

These assertions were thoroughly supported by the evidence presented at trial. Notably, Witt's own testimony supported the Government's statements:

26

BARTLEY v. UNITED STATES                      1:19CV155/1:15CR18

## MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING
### MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
### CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

PROSECUTION: All right. I would like for you to take a moment, Alicia, and we've talked about how--the effect that--the things the defendant mailed out had an effect on you and we talked about how those things made you feel. Can you talk about--can you tell us how the defendant's conduct overall has affected you?

WITT: I am--(witness crying). I live in fear every day. I take medication just to get through my day now. My kids suffered.

PROSECUTION: All right. Let's talk about--let's talk just about how it's affected--affected you. Has it had any physical effects on you?

WITT: I don't sleep. I'm constantly checking doors, checking windows, constantly; making sure everything is locked and bolted down. I don't sleep throughout the night.

PROSECUTION: Has it affected your relationships with other people?

WITT: Yes.

PROSECUTION: How so?

WITT: I don't--I don't--I don't let people around me because they--people around me before have been harassed so I have separated myself from a lot of my family and friends.

PROSECUTION: Has the defendant's conduct affected your relationships with your children?

27

BARTLEY v. UNITED STATES                    1:19CV155/1:15CR18

### MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING
### MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
### CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

> WITT: Yes.
>
> PROSECUTION: Okay. Can you tell us how?
>
> WITT: I--we slept in different places and I
> moved them around a lot when I was scared or
> when things were out of control that--that day
> and my son has anorexia because there's a
> period in his childhood he doesn't have any
> control over.
>
> PROSECUTION: All right. Let's limit it--I want
> to talk about--I asked you about your kids but
> I want to talk about your relationships with
> your kids and not themselves.
>
> WITT: I am so--I distanced myself from them
> because I didn't--I didn't think I would
> survive and (witness crying) just--just--we
> were just afraid.

(Trial Tr. 326-37). The Government's opening statement also was

supported by Christopher Witt's trial testimony. Id. at 162-63.

Accordingly, because the Government introduced evidence in support

of its contentions in its opening statement, Bartley's

prosecutorial misconduct claim fails on this ground as well.

### 3. Withheld Evidence

Bartley next claims that the Government withheld exculpatory

evidence, specifically a Prejudgment Affidavit from Civil Action

No. 10C-688H in the Magistrate Court of Monongalia County, West

28

BARTLEY v. UNITED STATES                          1:19CV155/1:15CR18

### MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING
### MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
### CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

Virginia (Dkt. No. 216-4). The Government argues that there is no evidence that this document was withheld (Dkt. No. 373 at 17-18).

Under Brady v. Maryland, 373 U.S. 83, 87 (1963), "the suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." In order to establish a Brady violation, a defendant must show that (1) the undisclosed information was favorable, either because it was exculpatory or because it was impeaching; (2) the information was material; and (3) the prosecution knew about the evidence and failed to disclose it. United States v. Wilson, 624 F.3d 640, 661 (4th Cir. 2010).

Bartley has utterly failed to prove the second or third elements of a Brady violation. In the first place, evidence is only material if there is a "reasonable probability that its disclosure would have produced a different result." United States v. Bartko, 728 F.3d 327, 340 (4th Cir. 2013) (citation omitted). Although the Prejudgment Affidavit states that Bartley had left Morgantown and moved back to Martinsburg, this evidence does not

BARTLEY v. UNITED STATES                    1:19CV155/1:15CR18

## MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING
### MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
### CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

"undermine confidence in the outcome of the trial." Id. (citation
and internal quotation marks omitted). The evidence at trial
established that Bartley sent packages containing naked pictures
of Witt to many different individuals associated with her. These
mailings could have occurred from any location, including
Martinsburg. Moreover, the Government produced evidence that, even
while living in Martinsburg, Bartley made a threatening phone call
to Witt and posted naked pictures of her in a gas station restroom
while traveling to Morgantown for a state court hearing. Therefore,
the statement in the affidavit that Bartley may have left
Morgantown and returned to Martinsburg does not undermine
confidence in the convictions of this case. It was certainly
possible for Bartley to have engaged in the misconduct for which
the jury convicted him while residing in Martinsburg.

    Other than his bald allegation, Bartley has produced no
evidence in support of his contention that the Government knew
about this affidavit and withheld it. As the Government pointedly
argues, Bartley always had access to this document as he was a
party to the case filed in the Monongalia County Magistrate Court,

BARTLEY v. UNITED STATES                    1:19CV155/1:15CR18

MEMORANDUM OPINION AND ORDER
DENYING § 2255 PETITION [DKT. NO. 216], DENYING
MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

Civil Action No. 10C-688H. Consequently, Bartley cannot establish that the Government's alleged misconduct was improper. His prosecutorial misconduct claim therefore fails on this ground.

**4. Miscellaneous Claims**

Bartley also makes several miscellaneous claims lacking in evidentiary support. First, he repeatedly claims that a prosecutor fell asleep during his trial. But Bartley fails to explain how such conduct, if it occurred, prejudiced him. Allen, 491 F.3d at 191.

Next, Bartley claims that the Government altered the nude photographs of Witt that he sent to various individuals. But again he has produced no evidence to support this bald allegation. And finally, Bartley claims Witt was not a credible witness. But "[c]redibility determinations are within the sole province of the jury and are not susceptible to judicial review." United States v. Lowe, 65 F.3d 1137, 1142 (4th Cir. 1995) (citation omitted). Accordingly, all of Bartley's prosecutorial misconduct grounds are without merit.

31

BARTLEY v. UNITED STATES                    1:19CV155/1:15CR18

## MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING
### MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
### CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

## D. Ineffective Assistance of Counsel

Finally, Bartley argues that his trial attorneys were ineffective. To succeed on a claim of ineffective assistance of counsel, a petitioner must establish, by a preponderance of the evidence, that (1) his "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984). The petitioner must "satisfy both prongs, and a failure of proof on either prong ends the matter." United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004).

To satisfy the first prong, a petitioner must demonstrate that his counsel's conduct "fell below an objective standard of reasonableness . . . under prevailing professional norms." Strickland, 466 U.S. at 687–88. But "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of

32

BARTLEY v. UNITED STATES                    1:19CV155/1:15CR18

### MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING
### MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
### CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

counsel was unreasonable." Id. at 689. "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. To satisfy the second prong, a petitioner such as Bartley must establish that his counsel's error was not harmless, but prejudicial to the outcome of the case. Id. at 694.

### 1. Trial Strategy

Bartley contends his trial attorneys were ineffective because they failed to (1) prepare an adequate defense; (2) challenge alleged perjury; and (3) call witnesses. The Government asserts that defense counsel vigorously defended Bartley at trial (Dkt. No. 373 at 18-19).

Bartley's argument that his attorneys failed to prepare an adequate defense is belied by the record. In the face of substantial incriminating evidence and Bartley's own admissions, counsel built a defense around the argument that Bartley had not intended to harass or intimidate Witt, but had sought simply to discredit her in the eyes of the business community. Defense

33

BARTLEY v. UNITED STATES                                1:19CV155/1:15CR18

### MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING
### MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
### CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

counsel also cross-examined witnesses and attempted to exclude the Government's anticipated Rule 404(b) evidence relating to Meg Smyth, a woman whom Bartley had allegedly stalked years earlier (Dkt. No. 56). Counsel's trial preparations thus were objectively reasonable even if ultimately unsuccessful.

Contrary to Bartley's contention, counsel's warning that he faced a significant likelihood of conviction did not represent a lack of effort by counsel. On the contrary, given the strength of the Government's case, counsel was obliged to inform Bartley of the considerable risk of conviction he faced if he proceeded to trial. Moreover, Bartley's allegation that his counsel failed to provide him with an "FBI deposition" of Meg Smyth does not render counsel's preparation unreasonable. Even if true, Bartley fails to establish how his inability to review this deposition prejudiced the outcome of his case. Even if statements in the deposition would have allowed Bartley to completely discredit Smyth, there remained a significant amount of evidence, including, most significantly,

BARTLEY v. UNITED STATES                     1:19CV155/1:15CR18

### MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING
### MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
### CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

Bartley's own admissions that established he had committed the charged crimes.[4]

Nor was counsel's decision not to present any witnesses other than Bartley unreasonable. Because of the Court's ruling on the admissibility of the civil lawsuits relating to the business dispute, Bartley's counsel concluded that additional witnesses could add very little to the strength of his case (Trial Tr. at 352). Additional testimony would simply have been, "I represented [Bartley] in connection with [the civil litigation]. He hired me." Id. And furthermore, as already explained, because there was no evidence of perjury, counsel properly refrained from challenging testimony on that basis.[5]

### 2. Sentencing Arguments

Bartley argues that his counsel attacked his character at sentencing by describing him as "mentally ill," "sick," and "not a rational person." But a fair review of the sentencing transcript

---

[4] For the same reason, any argument that appellate counsel failed to raise this issue on appeal is without merit.

[5] To the extent appellate counsel failed to challenge perjury on appeal, such a failure was objectively reasonable for the reasons previously discussed.

BARTLEY v. UNITED STATES                         1:19CV155/1:15CR18

MEMORANDUM OPINION AND ORDER
DENYING § 2255 PETITION [DKT. NO. 216], DENYING
MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

establishes otherwise. By making these comments, Bartley's counsel

hoped to mitigate his client's culpability not attack his

character.

> We contend that his bipolar disorder and the
> constellation of mental illnesses that--that
> he otherwise suffers from, they're the cause
> of this case. They are the explanation of his
> behavior--for his behavior in this case and as
> we indicate in our pleading, his mental
> illness is the primary mitigating factor in
> this case.
>
> . . .
>
> The bottom line, Judge, is that we think that
> treatment rather than a long term of
> incarceration will do justice in this case.
> Thank you.

(Dkt. No. 165 at 68, 73). Although this argument ultimately was

unsuccessful, "[j]udicial scrutiny of counsel's performance must

be highly deferential" because "[i]t is all too tempting for a

defendant to second-guess counsel's assistance after conviction or

adverse sentence." Strickland, 466 U.S. at 689. Accordingly,

"indulg[ing] [the] strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance," id.,

the Court concludes that counsel's use of a mitigation argument

36

BARTLEY v. UNITED STATES                              1:19CV155/1:15CR18

## MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING
### MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
### CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

was objectively reasonable. This was not a gratuitous attack on Bartley's character but an effort by counsel to lessen his client's culpability.

### 3. Use of Drugs

Bartley next argues that one of his attorneys was under the influence of drugs during his trial and sentencing. This argument is entirely without evidentiary support and therefore deserving of no credit.

### 4. Failure to Respond

Finally, Bartley contends that his counsel failed to respond to his communications. As his most compelling evidence, he references a portion of the sentencing transcript where his counsel states

> [His mental illness is] certainly the reason that he has bombarded the Court, the Government, my law office and other people with letters. The letters, they don't make sense. None of the letters make sense. I stopped reading them. I put them in a big pile in my office and that's someone who's mentally ill. That's who does that over and over and over and over again. They serve no purpose. They're not addressed to the Court. They're not relevant to the proceedings. He's mentally ill.

BARTLEY v. UNITED STATES                    1:19CV155/1:15CR18

### MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING
### MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
### CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

(Dkt. No. 165 at 70-71).

Setting aside whether counsel's failure to read and respond to every one of Bartley's numerous letters was objectively unreasonable, Bartley cannot demonstrate that such failure resulted in any prejudice. Indeed, in addition to stating that he "stopped reading [the letters]," counsel also stated that the letters "don't make sense" and were "not relevant to the proceedings." Id. Accordingly, Bartley has not established that counsel's failure to read and respond to every letter he sent would have altered the outcome of his case.

As Bartley is unable to satisfy both prongs of Strickland on any ground, his ineffective assistance of counsel claim fails.

### IV. CONCLUSION

For the reasons discussed, the Court **DENIES** Bartley's § 2255 petition (Dkt. No. 216) and **DENIES** his motion for a separate claim of actual innocence (Dkt. No. 201).

It is so **ORDERED**.

The Clerk **SHALL** enter a separate judgment order in favor of the United States; transmit copies of this Order and the judgment

BARTLEY v. UNITED STATES                    1:19CV155/1:15CR18

**MEMORANDUM OPINION AND ORDER
DENYING § 2255 PETITION [DKT. NO. 216], DENYING
MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY**

order to Bartley by certified mail, return receipt requested, and to counsel of record by electronic means; and strike this case from the Court's active docket.

## V. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. If the court denies the certificate, "the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rules Governing Section 2255 Proceedings 11(a).

The Court finds it inappropriate to issue a certificate of appealability in this matter because Bartley has not made a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v.

39

**BARTLEY v. UNITED STATES**                          **1:19CV155/1:15CR18**

## MEMORANDUM OPINION AND ORDER
### DENYING § 2255 PETITION [DKT. NO. 216], DENYING
### MOTION FOR ACTUAL INNOCENCE [DKT. NO. 201], DISMISSING
### CASE WITH PREJUDICE, AND DENYING CERTIFICATE OF APPEALABILITY

Cockrell, 537 U.S. 322, 336–38 (2003). Upon review of the record,

the Court concludes that Bartley has failed to make the requisite

showing, and **DENIES** issuing a certificate of appealability.

DATED: September 6, 2022

                              /s/ Irene M. Keeley
                              IRENE M. KEELEY
                              UNITED STATES DISTRICT JUDGE